# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | **Case No. PX-24-041** |
| : | |
| **LESTER MASSEY, JR.,** : | |
| : | |
| **Defendant** : | |

## APPEAL FROM ORDER OF DETENTION AND REQUEST FOR EXPEDITED HEARING

The Defendant, Lester Massey, Jr. ("Mr. Massey"), by and through his counsel, John M. McKenna, and Brennan, McKenna & Lawlor, Chtd., respectfully appeals pursuant to 18 U.S.C. § 3145(b) from the Order of Detention issued in the related Magistrate Court case on August 11, 2023. Mr. Massey respectfully requests that this Court set appropriate conditions of release in this matter. Mr. Massey also requests an expedited hearing on this appeal. In support of this appeal, counsel states as follows:

1. On August 11, 2023, Magistrate Judge Timothy J. Sullivan issued a one-count Criminal Complaint charging Mr. Massey with possession of a firearm and ammunition by a person previously convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1). (23-mj-2160-TJS, Complaint, ECF No. 1.) That same day, Mr. Massey was arrested and made his initial appearance in connection with that charge. At the conclusion of that

1

proceeding, Magistrate Judge Sullivan ordered Mr. Massey detained pending trial on the basis of danger to the community. (23-mj-2160-TJS, Order, ECF No. 6.) Magistrate Judge Sullivan recognized that Mr. Massey's criminal history is dated and indicated that he would reconsider the Order of Detention if a suitable third-party custodian were identified.

2. On January 18, 2024, Mr. Massey filed an Amended Request for Detention Hearing. (23-mj-2160-TJS, ECF No. 26.) In that filing, Mr. Massey represented that he had identified a third-party custodian, Ms. Rosita Shaw, who had been deemed suitable by the United States Pretrial Services Office. The Government opposed the request for a further detention hearing. (23-mj-2160-TJS, ECF No. 28.) Magistrate Judge Sullivan ultimately denied the request without a hearing. (23-mj-2160-TJS, ECF No. 29.)

3. On February 8, 2024, the Government filed an Indictment in this case charging Mr. Massey with one count of possession of ammunition by a person previously convicted of a crime punishable by a term of imprisonment exceeding one year. (ECF No. 1.) Mr. Massey is *not* charged in the Indictment with the unlawful possession of a firearm. At this time, Mr. Massey appeals from the Order of Detention in this case.

4. Under 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate [United States magistrate judge], or by a person other than a judge of a

court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." "Upon such a motion, the court must make a *de novo* determination as to whether the magistrate judge's findings are correct based on the court's review of the evidence before the magistrate judge." *United States v. Martin*, 447 F. Supp. 3d 399, 402 (D. Md. 2020) (citations omitted). "The court may conduct an evidentiary hearing as part of its review." *Id.* (citation omitted).

5. The law presumes that a person facing federal criminal charges should be released pending trial. *United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.). "While a felon alleged to be in possession warrants a detention hearing, that allegation alone *does not* trigger a presumption of detainability." *United States v. Riley*, 635 F. Supp. 3d 411, 417 (E.D. Va. 2022) (emphasis added).

6. A person facing federal criminal charges may be detained only where a court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). "To obtain a detention order, the government must prove the court appearance or 'flight risk' issue by a preponderance of the

evidence, and the safety of the community—measured by whether a defendant presents a danger to the community—by clear and convincing evidence." *United States v. Reeves*, No. 5:23-cr-00002, 2023 U.S. Dist. LEXIS 54624, at *7 (W.D. Va. Mar. 29, 2023) (citing *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001)).

7. This Court can set appropriate conditions of release both to assure the safety of the community and Mr. Massey's appearance in court as required. Mr. Massey has identified a third-party custodian who has been deemed suitable by the Pretrial Services Office. Conditions of release, up to and including home detention with electronic location monitoring, will serve both to protect the community and ensure that Mr. Massey appears for court.

8. Mr. Massey respectfully requests an expedited hearing on this appeal.

Respectfully submitted,

s/_____
John M. McKenna
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane
Suite 700
Greenbelt, Maryland  20770
301-474-0044

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 14, 2024, a copy of the foregoing was sent to the United States Attorney's Office for the District of Maryland, via ECF.

s/_____
John M. McKenna