IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **STATE OF MARYLAND** | : | |
| | : | |
| **v.** | : | Case No. PX-24-041 |
| | : | |
| **LESTER MASSEY, JR.,** | : | |
| | : | |
| **Defendant** | : | |

## MOTION TO SUPPRESS FRUITS OF WARRANTLESS SEARCHES AND SEIZURES

Defendant Lester Massey ("Mr. Massey"), by and through his counsel, John M. McKenna, respectfully moves pursuant to Federal Rule of Criminal Procedure 12(b)(3) to suppress any evidence obtained pursuant warrantless searches and seizures in violation of the Fourth Amendment to the United States Constitution and any other applicable law. In support of this Motion, counsel states as follows:

1. On February 8, 2024, the United States filed a one-count Indictment charging Mr. Massey with being a felon[1] in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).

2. The provided by the Government in discovery indicate that throughout the investigation of this case, law enforcement executed several warrantless searches and seizures of Mr. Massey's person and his property. Those warrantless searches

---

[1] Mr. Massey has never been convicted of a felony offense.

1

and seizures include the following: (1) an August 11, 2023 warrantless search of one or more of Mr. Massey's cell phones; and (2) a May 16, 2023 warrantless search, seizure, and arrest conducted by members of the Forest Heights Police Department during a traffic stop.

3. At this time, Mr. Massey moves to suppress the fruits of any and all warrantless searches and seizures conducted of his person or property, as well as any evidence derived therefrom. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Warrantless searches are presumptively unreasonable "except in certain carefully defined classes of cases." *Cady v. Dombrowski*, 413 U.S. 433, 439 (1973) (internal quotation marks omitted). "A warrantless search by the police is invalid unless it falls within one of the narrow and well-delineated exceptions" to the Fourth Amendment's warrant requirement. *Flippo v. West Virginia*, 528 U.S. 11, 13 (per curiam). *The Government* bears the burden of proof in justifying a warrantless search or seizure. *Welsh v. Wisconsin*, 466 U.S. 740, 749-50 (1984); *United States v. Watson*, 703 F.3d 684, 689 (4th Cir. 2013). In other words, once Mr. Massey establishes that he has standing to challenge a warrantless search and seizure, the burden then shifts to the Government to prove that the search was conducted in accordance with the requirements of the Fourth Amendment. *See Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971).

4.      Here, there can be no dispute that Mr. Massey has standing to challenge the warrantless searches of his cell phones, his person, and a vehicle he was operating. Accordingly, it is incumbent upon the Government to produce evidence to establish the legality of the warrantless searches and seizures. *E.g.*, *United States v. McCormick*, No. 5:23-CR-276-1FL, 2024 U.S. Dist. LEXIS 56311, at *3-4 (E.D.N.C. Feb. 14, 2024) (explaining burden shifting framework applicable to motions to suppress the fruits of warrantless searches and seizures).

5.      The warrantless searches and seizures at issue in this case do not fall within any of the narrow exceptions to the warrant requirement of the Fourth Amendment. Accordingly, the fruits of those searches and seizures, and evidence derived therefrom, must be suppressed. *Wong Sun v. United States*, 371 U.S. 471 (1963). The warrant to search Mr. Massey's home authorized[2] the seizure of Mr. Massey's digital devices, but it did not authorize the search of them. However, on August 11, 2023, while executing that search warrant, members of law enforcement searched the contents Mr. Massey's cell phones in the absence of a warrant authorizing them to do so. The fruits of that search must be suppressed. *E.g.*, *Riley v. California*, 573 U.S. 373, 386 (2014). As to the May 2023 warrantless search, seizure, and arrest, Mr. Massey does not have any reports or materials. This event is

---

[2] Mr. Massey has moved to suppress the fruits of any searches conducted pursuant to that warrant.

referenced in affidavits in support of several search warrants issued in this case. Mr. Massey intends to file a reply in support of the motion with respect to this even once the Government discloses more information about it.

6. For these reasons, Mr. Massey moves to suppress the fruits of any and all warrantless searches and seizures of his person and property, as well as any evidence derived therefrom.

7. Mr. Massey respectfully requests an evidentiary hearing on this Motion.

                                                Respectfully submitted,

                                                s/_____
John M. McKenna
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane
Suite 700
Greenbelt, Maryland  20770
301-474-0044
mlawlor@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 3, 2024, a copy of the foregoing was sent to the United States Attorney's Office for the District of Maryland via ECF.

_____/s/_____
John M. McKenna