## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **STATE OF MARYLAND** | : | |
| | : | |
| **v.** | : | **Case No. PX-24-041** |
| | : | |
| **LESTER MASSEY, JR.,** | : | |
| | : | |
| **Defendant** | : | |

## MOTION TO SUPPRESS STATEMENTS

Defendant Lester Massey ("Mr. Massey"), by and through his counsel, John M. McKenna, and Brennan, McKenna & Lawlor, Chtd., respectfully moves pursuant to Federal Rule of Criminal Procedure 12(b)(3) to suppress any and all statements of Mr. Massey obtained by members of law enforcement and their agents in violation of the United States Constitution. In support of this Motion, counsel states as follows:

1. On February 8, 2024, the United States filed a one-count Indictment alleging Mr. Massey to have been a "felon" in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).[1] (ECF No. 1.)

2. The materials provided by the Government in discovery indicate that throughout the investigation of this case, members of law enforcement and their agents obtained several statements from Mr. Massey. Those statements include: (1)

---

[1] Mr. Massey has never been convicted of a felony offense.

statements made to members of federal law enforcement on August 11, 2023, the date of Mr. Massey's arrest in this case; and (2) statements made on or about May 16, 2023, the date of a warrantless search and seizure of Mr. Massey conducted by members of the Forest Heights Police Department. Mr. Massey moves to suppress these and any other statements obtained from him by members of law enforcement and their agents.

3.     Mr. Massey requests full discovery as to any and all statements allegedly made by him to members of law enforcement and their agents, including but not limited to: (1) copies of any waiver of rights forms allegedly executed by Mr. Massey; (2) any and all body worn camera footage capturing the alleged statements; (3) any other audio and video recordings capturing any alleged statements.[2]

4.     Any statements, admissions, or confessions made during any encounter with law enforcement were obtained in violation of Mr. Massey's privilege against self-incrimination and his right to counsel, as guaranteed by the Fifth and Sixth Amendments to the United States Constitution. Further, any statements, admissions, or confessions made during any of these encounters were obtained in violation of Mr. Massey's rights as defined by the Supreme Court's holding in *Miranda v. Arizona*, 384 U.S. 436 (1965) and its progeny, and any waiver of those rights was

---

[2] As to the August 2023 statements, the Government has provided an audio recording.

not knowingly, intelligently, or voluntarily made. Any such statements, admissions, or confessions made during any encounter with law enforcement were involuntary.

5.      As to the August 11, 2023 statements, the record will demonstrate they were made in a highly coercive environment. A number of law enforcement officers raided the home Mr. Massey shared with his minor child in order to execute a residential search warrant. Despite the agents' insistence that Mr. Massey was not under arrest, it was clear that Mr. Massey was not free to leave the premises.[3] Mr. Massey's will was overborne such that any statements allegedly made by him are inadmissible at trial. Furthermore, the statements were the product of the unconstitutional search of Mr. Massey's home and are therefore fruit of the poisonous tree. As to the May 2023 statements, Mr. Massey has not received any reports or footage regarding the warrantless traffic stop. The traffic stop and arrest are referenced in search warrants issued later in the investigation in this case. As the Court knows, warrantless searches and seizures are presumptively unreasonable, and the Government bears the burden to justify them. *Coolidge v. New Hampshire*, 403 U.S. 443, 454 (1971). Accordingly, to the extent the search and seizure violated the constitution, Mr. Massey's statements should be suppressed as fruit of the poisonous tree. Mr. Massey reserves the right to supplement this motion on the basis of any subsequently provided discovery material.

---

[3] Mr. Massey was placed under arrest at his home.

6.      Mr. Massey is entitled to a hearing on the voluntariness of any statements, admissions or confessions attributed to him, in accordance with the provisions of 18 U.S.C. § 3501 and the principles set forth in *United States v. Inman*, 352 F.2d 954 (4th Cir. 1965).

7.      As a result of the constitutional violations alleged in this motion and any other ground that may become apparent upon a hearing on the motion, Mr. Massey requests that the Court enter an order suppressing all statements, admissions, or confessions the Government proposes to use as evidence against him, whether oral, written, or otherwise recorded.

8.      Mr. Massey respectfully requests an evidentiary hearing on this Motion.

Respectfully submitted,

s/_____
John M. McKenna
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane
Suite 700
Greenbelt, Maryland  20770
301-474-0044
mlawlor@verizon.net

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 3, 2024, a copy of the foregoing was sent to the United States Attorney's Office for the District of Maryland via ECF.

_____/s/_____
John M. McKenna