IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | CRIMINAL NO. PX-24-041 |
| LESTER MASSEY, JR., | * | |
| | * | |
| Defendant | * | |
| | * | |

\*\*\*\*\*\*\*

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO MODIFY
CONDITIONS OF RELEASE**

The United States of America, by and through undersigned counsel, respectfully submits the following opposition to the Defendant, Lester Massey, Jr.'s, Motion to Modify Conditions of Release. ECF No. 20. Based on the factors in the Bail Reform Act, which have not changed since the Defendant's release, the current conditions of release remain appropriate to protect the safety of the community and the Defendant's motion should be denied.

**I.     Arrest and Initial Detention**

On August 11, 2023, law enforcement executed a search warrant on the Defendant's residence and recovered, among other items: (i) approximately 163 rounds of 9 mm ammunition, (ii) approximately 52 rounds of .223 caliber ammunition, (iii) approximately 28 rounds of .40 caliber ammunition, (iv) a 5.56 NATO caliber, AR-type receiver of undetermined origin, equipped with an upper that contains a rifled 5.56 NATO caliber barrel and a M16-type bolt carrier, and an interior fire control cavity that has been milled to allow fire control parts and components to be installed ("RECEIVER"), and (v) approximately 17.39 grams of methamphetamine hydrochloride, (vi) approximately .274 grams of cocaine base, (vi) approximately 55 clear plastic capsules, (vii) empty gelatin pill capsules, and (viii) two of the Defendant's cellular phones. The Defendant and

his minor daughter were the only occupants of the residence at the time of the search warrant. Based on the recovered items, on August 11, 2023, the Defendant was arrested and brought to the United States District Courthouse in Greenbelt, Maryland for an arraignment on a criminal complaint. *23-mj-2160-TJS*, ECF 1 and 3. The criminal complaint's supporting affidavit detailed the Defendant's trafficking of firearms while he was prohibited by prior felony conviction from possessing them, the Defendant's social media posts documenting his recent and regular use of firearms as a prohibited person, and the items recovered during the execution of the search warrant at his residence. *23-mj-2160-TJS*, ECF 1-1.

At his arraignment, the Defendant entered a plea of not guilty and requested a detention hearing. Following the detention hearing, the Defendant was detained after Judge Sullivan found that no condition or combination of conditions would reasonably assure the safety of any other person and the community.

## II.    Subsequent Procedural Background

On February 8, 2024, The Defendant has been charged in a single count Indictment with Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1).  ECF. No. 1. On February 14, 2024, the Defendant filed an Appeal from Order of Detention and Request for Expedited Hearing.  ECF. No. 4.  On March 14, 2024, the Government filed an Opposition to the Defendant's Motion for Review of Detention Order. ECF. No. 7.

On March 20, 2024, and March 26, 2024, the Court held a Review of Detention Hearing, which included the examination of a proposed Third-Party Custodian, Ms. Rosita Shaw.  ECF. No. 9 and ECF. No. 10. At the conclusion of the hearing, the Defendant was released on 24/7 home confinement with location monitoring at Ms. Shaw's residence, as well as a number of other conditions.  ECF No. 11.  On June 27, 2024, the Defendant filed the instant motion seeking

that his home confinement be replaced with a curfew that would allow the Defendant to leave the residence for up to twelve hours a day. The Defendant's stated reason for this request is to spend time with his daughter outside of Ms. Shaw's home.  ECF 26 at 4. As also noted in the Defendant's motion, the Defendant's current release conditions already allow him to seek approval from the Court to participate in specific activities away from the residence with prior approval from the Court. ECF 26 at 2 and ECF 11 (8)(s)(iii). Lastly, Senior U.S. Probation Officer Celine Ferguson objected to the Defendant's curfew request given the brief tenure of the Defendant's supervision. The Government also shares this objection.

III.    **The 18 U.S.C. § 3142(g) Factors At Least Support Maintaining the Current Conditions of Release**

The Bail Reform Act of 1984, codified at 18 U.S.C. §§ 3141-3156, provides a set of factors for the Court to consider to determine "whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community" including (1) the nature and circumstances of the crimes charged; (2) the history and characteristics of the defendant; (3) the seriousness of the danger posed by the defendant's release; and (4) the weight of the evidence against the defendant.  *See* 18 U.S.C. § 3142(g).  In considering these factors, the Court previously ordered the Defendant's released on 24/7 home confinement with location monitoring in the care of a third-party custodian.  The 18 U.S.C. § 3142(g) factors support maintaining the current conditions of release.

These factors – which have not changed since the Defendant's release – support keeping the current conditions of release.  The Defendant's desire to spend time with his daughter away from Ms. Shaw's residence does not impact the weighing of these factors.

3

### a.   The Nature and Circumstances of the Offenses

The Defendant is charged with the unlawful possession of ammunition recovered from his residence on August 13, 2023.  As detailed in the Criminal Complaint and at the prior detention hearings in this case, the nature and circumstances of the Defendant's conduct is greater than the single charge of the possession of ammunition and continue to support detention.

Aside from the possession of ammunition associated with the execution of the search warrant at his residence, the Defendant has also broadcast his ready access and use of firearms on social media as far back as 2021. The recovery of the RECIEVER that is designed to fire 5.56 caliber ammunition, and the recovery of 9 mm ammunition, .223 caliber ammunition, and .40 caliber ammunition further illustrate the extent to which the Defendant had violated the restriction on the possession of firearms and ammunition by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year under 18 U.S.C. 922(g)(1).

The Defendant has also been prohibited from possessing a firearm or ammunition for more than a decade.  However, this has not deterred him from possessing, selling, manufacturing, and shooting firearms in recent years and it did not deter him from possessing 243 rounds of assorted ammunition and a privately made firearm ("PMF").  The Defendant is currently charged with his unlawful possession of the ammunition—however, the Defendant's conduct included unlawful firearms trafficking, possession of firearms, and possession of methamphetamine..  The nature and circumstances of this offense demonstrate that the Defendant poses a significant danger to the community and that at least the current conditions of release should be maintained.

### b.   The Weight of the Evidence

The weight of the evidence against the Defendant is strong.  The ammunition, RECEIVER, methamphetamine, and drug packaging from the Defendant's residence were recovered pursuant to a federal search warrant.  During the search the Defendant was advised of his Miranda rights

and interviewed. The Defendant acknowledged he was aware that he was prohibited from possessing firearms, that the RECEIVER was in the residence, and that the Defendant had tried unsuccessfully to build firearms.

Additionally, there is extensive social media evidence of the Defendant's prior firearm transactions and use of firearms dating back to 2021 which was recovered from the Defendant's public social media pages and pursuant to a federal search warrant. Similarly, evidence of the Defendant's prior firearm manufacturing and possession were recovered from the Defendant's cell phones pursuant to a federal search warrant. The weight of the evidence against the Defendant supports maintaining the current conditions of release.

### c.   The History and Characteristics of the Defendant

The history and characteristics of the Defendant support maintaining the current conditions of release. Significantly, prior sentences have not deterred the Defendant from criminal conduct. the Defendant has prior convictions related to his prior possession of controlled substances. On July 10, 2009, the Defendant pled guilty to Conspiracy to Distribute Phencyclidine in violation of Maryland Criminal Law 5-602(d) and received a sentence of three years, all but one year suspended. While on probation for this offense, the Defendant violated his probation and was sentenced to an eighteen-month sentence concurrent to the following sentences. On February 28, 2012, the Defendant pled guilty to (a) one count of Possession of a Controlled Dangerous Substance (phencyclidine) in violation of Maryland Criminal Law 5-601 and received a sentence of four years, all but one year suspended, and three years of supervision; and (b) one count of Possession of a Controlled Dangerous Substance (marijuana) in violation of Maryland Criminal Law 5-601 and received a sentence of one year concurrent.

The Defendant's criminal history shows that neither previous convictions nor Court supervision has deterred him from committing more crimes. The Defendant's history and

characteristics demonstrate that at least the current conditions of release should be maintained

pending trial in this case.

### d.  The Nature and Seriousness of the Danger to the Community

Finally, the nature and seriousness of the danger posed to the community support detention.

As described above, the Defendant is charged with possession of ammunition, but the nature and

circumstances of his conduct and his history and characteristics present a clearer picture of the

actual danger he poses in the community. Prior to his arrest, the Defendant possessed,

manufactured, and sold firearms while knowing he was prohibited from doing so. Furthermore,

the Defendant cultivated in image on social media as a person who regularly possessed and shot a

variety of firearms and used the same social media to facilitate his unlawful firearms sales.  The

nature and seriousness of the danger to the community posed by the Defendant is significant.

The current conditions of release fashioned by the Court should not be modified.

## IV.    Conclusion

In sum, for the reasons set forth above, the Government respectfully submits that the

current conditions of release should be maintained.  The weight of the 18 U.S.C. § 3142(g) factors

demonstrate that the Defendant is a danger to the community and at least support maintaining the

current conditions of release.    Therefore, the Government respectfully requests that the

Defendant's motion to modify his conditions of release be denied.


Respectfully submitted,

Erek L. Barron
United States Attorney

By:      /s/
Nicholas Potter
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system on July 11, 2024, which will send notification of such filing to all counsel of record.

_____/s/_____

Nicholas Potter
Assistant United States Attorney
