IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   CRIMINAL NO. PX-24-41 |
| | ) |
| LESTER MASSEY, JR., | ) |
| | ) |
| Defendant | ) |
| | ) |

**CONSENT MOTION FOR EXCLUSION OF TIME
FROM SPEEDY TRIAL ACT COMPUTATIONS**

Comes now the United States of America, by and through its counsel, and with the consent of counsel for the Defendant, Lester Massey, Jr., and hereby respectfully submits the Government's Consent Motion for Exclusion of Time from Speedy Trial Act Computations. In support thereof, the Government submits the following:

1. On August 11, 2023, the Defendant was charged by criminal complaint with a violation of 18 U.S.C. § 922(g)(1) - Felon in Possession of Ammunition. TJS-23-mj-02160, ECF No. 1.

2. On August 11, 2023, the Defendant had his initial appearance on the charge and was detained following a detention hearing. TJS-23-mj-02160, ECF Nos. 3, 4, 6. During the hearing, the Defendant, through counsel, waived his right to a Preliminary Hearing.

3. In a follow-up between counsel on August 15, 2023, Defendant's counsel consented to an exclusion of time for Speedy Trial Act purposes for a period of 45 days, from August 15, 2023, through September 29, 2023. Additionally, Defendant's counsel reaffirmed the Defendant's waiver of his right to a Preliminary Hearing. On August 16, 2023, the Government filed a consent motion to toll the Speedy Trial Act Clock in connection with the indictment in this case from August 15, 2023, through September 29, 2023. TJS-23-mj-02160, ECF No. 10.

1

4. In a follow-up between counsel on October 3, 2023, the Defendant's counsel consented to an exclusion of time for Speedy Trial Act purposes for a period of 45 days, from September 29, 2023, through November 13, 2023. Additionally, the Defendant's counsel reaffirmed the Defendant's waiver of his right to a Preliminary Hearing. On October 3, 2023, the Government filed a consent motion to toll the Speedy Trial Act clock in connection with the indictment in this case from September 29, 2023, through November 13, 2023. TJS-23-mj-02160, ECF No. 16.

5. In a follow-up between counsel on November 9, 2023, the Defendant's counsel consented to a further exclusion of time for Speedy Trial Act purposes for a period of 30 days, from November 14, 2023, through December 14, 2023. Additionally, Defendant's counsel reaffirmed the Defendant's waiver of his right to a Preliminary Hearing. On November 9, 2023, the Government filed a consent motion to toll the Speedy Trial Act clock in connection with the indictment in this case from November 14, 2023, through December 14, 2023. TJS-23-mj-02160, ECF No. 18.

6. In a follow-up between counsel on December 13, 2023, the Defendant's counsel consented to a further exclusion of time for Speedy Trial Act purposes for a period of 60 days, from December 14, 2023, through February 12, 2024. On December 14, 2023, the Government filed a consent motion to toll the Speedy Trial Act clock in connection with the indictment in this case from December 14, 2023, through February 12, 2024. TJS-23-mj-02160, ECF No. 20.

7. On February 8, 2024, a federal Grand Jury sitting in the District of Maryland returned an unsealed Indictment charging the Defendant with Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1). In a follow-up between counsel on February 8, 2024, Defendant's counsel consented to a further exclusion of time for Speedy Trial Act

purposes for a period of 45 days, from February 8, 2024, through March 24, 2024, to continue pre-trial negotiations and review of the produced discovery.

8. On February 14, 2024, the Defendant filed a motion appealing the Defendant's Order of Dentition. ECF No. 4.

9. On March 6, 2024, an initial appearance and arraignment were held before the Honorable Magistrate Judge Gina L. Simms. ECF No. 5. In a follow-up between counsel on March 6, 2024, Defendant's counsel consented to a further exclusion of time for Speedy Trial Act purposes for a period of 30 days, from March 6, 2024, to April 5, 2024, to allow for resolution of the Defendant's detention appeal.

10. On March 14, 2024, the Government filed a response in opposition to the Defendant's Motion appealing the Defendant's Order of Dentition. ECF No. 7.

11. On March 20, 2024, a hearing reviewing the Defendant's detention was held before the Honorable District Judge Paula Xinis. ECF No. 9. The hearing was continued on March 26, 2024, and after the hearing was concluded, the Defendant was released to the care of a third-party custodian. ECF Nos. 10 and 11.

12. On March 28, 2024, a telephonic pretrial conference was held before the Honorable Judge Xinis. See ECF No. 12. During this conference, the parties agreed to an extension of the pre-trial motions deadline to May 31, 2024, and to a further exclusion of time for Speedy Trial Act purposes until May 31, 2024 to allow for additional discovery productions from the Government, for the Defendant to prepare for the filing of pretrial motions, and for the parties to continue to discuss resolution prior to motions.

13. On May 30, 2024, the Government filed a consent motion for a further exclusion of time for Speedy Trial Act purposes from February 12, 2024, through June 5, 2024, to continue

pre-trial negotiations and review of the produced discovery.  ECF No. 13.

14. On June 3, 2024, the Defendant filed motions to suppress fruits of search warrants, statements, and fruits of other searches, for 404(b) evidence, and to dismiss the indictment ("Pretrial Motions").  ECF Nos. 16, 17, 18, 19, and 20.

15. On June 6, 2024, a telephonic pretrial conference was held before the Honorable Judge Xinis and a pretrial schedule was set.  A Pretrial Scheduling Order was issued by the Court following the conference.  ECF No. 25.

16. On June 27, 2024, the Defendant filed a motion seeking modification of the Defendant's release conditions.  ECF No. 27.

17. On July 11, 2024, the Government filed a response in opposition to the Defendant's request seeking modification of the Defendant's release conditions.  ECF No. 30.

18. On August 3, 2024, the Government filed an omnibus response to the Defendant's Pretrial Motions.  ECF No. 33.

19. On August 6, 2024, counsel for the Defendant filed a consent motion to continue the previously scheduled motions hearing due to a scheduling conflict with another matter.  ECF No. 36.  Later that day, the Court granted this motion.  ECF No. 37.

20. On August 7, 2024, the Honorable Chief Magistrate Judge Timothy J. Sullivan denied the Defendant's motion seeking modification of the Defendant's release conditions.  ECF No. 38.

21. On August 13, 2024, counsel for the Defendant filed a motion to withdraw due to a conflict of interest.  ECF No. 41.  On August 14, 2024, this Court referred this matter to a Magistrate Judge for an attorney inquiry hearing.  ECF No. 44.

22. On August 16, 2024, an attorney inquiry hearing was held before the Honorable

Magistrate Judge Simms.  ECF No. 46.

23. On August 22, 2024, the Court appointed new counsel to represent the Defendant, replacing prior counsel.  ECF No. 47.

24. On August 30, 2024, the Defendant filed a motion to modify conditions of release.  ECF No. 50.  On September 10, 2024, the Government filed a response in opposition.  ECF No. 55.

25. On September 4, 2024, counsel for the Defendant filed a motion seeking additional time to file additional pretrial motions.  ECF No. 52.  On September 6, 2024, the Court granted this motion and directed the parties to file a joint status report by September 30, 2024.  ECF No. 53.

26. On October 8, 2024, a telephonic pretrial conference was held before the Honorable Judge Xinis and a revised pretrial schedule was set, which included setting a trial date of February 24, 2025.  ECF Nos. 60 and 61.

27. On October 9, 2024, the Defendant refiled a motion to modify conditions of release.  ECF No. 62.  On October 16, 2024, the Government filed a response.  ECF No. 64.

28. On October 28, 2024, the Honorable Chief Magistrate Judge Sullivan denied the Defendant's motions to modify release conditions.  ECF No. 65.  On October 30, 2024, the Defendant filed an appeal of this denial of the Defendant's request to modify release conditions.  ECF No. 66.  On November 27, 2024, the Goverment filed a response in opposition to the Defendant's motion appealing his release conditions.  ECF No. 68.

29. On November 8, 2024, counsel for the Defendant consented to an exclusion of time for Speedy Trial Act purposes through the trial date of February 24, 2025.

30. On December 9, 2024, a hearing reviewing the Defendant's release conditions

was held before the Honorable Judge Xinis and, at the conclusion of the hearing, the Defendant's third-party custodian was replaced and the Defendant's release conditions were modified. ECF Nos. 70 and 71.

31. On January 24, 2025, a motions hearing was held before the Honorable Judge Xinis. ECF 79. On February 18, 2025, a motions hearing and pretrial conference was held before the Honorable Judge Xinis. ECF. 96.

32. On February 24, 2025, the jury trial commenced before the Honorable Judge Xinis. ECF No. 98. On February 25, 2025, the jury trial resumed before the Honorable Judge Xinis. ECF No. 99. The Defendant made an unopposed oral motion for a mistrial which was granted by the Honorable Judge Xinis, and a telephonic status conference was scheduled for March 6, 2025, at 1:30 p.m. to allow the parties time to deliberate on the proper next steps in light of the mistrial.

33. On February 25, 2025, counsel for the Defendant consented to an exclusion of time for Speedy Trial Act purposes through March 7, 2025.

34. In light of the foregoing, a further exclusion of time is appropriate in this case in order to enable the parties to deliberate as to the proper next steps, confer with one another, and continue to prepare for a potential retrial. Specifically, the government seeks an exclusion of time from **February 24, 2025**, through and including **March 7, 2025**, for these purposes.

35. In accordance with the Speedy Trial Act, a criminal defendant must be brought to trial within 70 days of the later of either the filing of an indictment or information or the first appearance before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1).

36. 18 U.S.C. § 3161(h)(7)(A) specifically excludes from the time requirements "any

period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Among the factors the Court considers in granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice," and whether "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" Section 3161. 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). The Court also considers whether failure to grant a continuance would deny counsel for a defendant or the government "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

37.  In light of the foregoing, the parties submits that the ends of justice served by holding the trial of this matter beyond the otherwise-applicable speedy trial date outweigh the interests of the defendant and the public in a speedy trial, and, therefore, the resulting delay is permissible pursuant to 18 U.S.C. § 3161(h)(7). The parties required additional time in order to enable the review of discovery, prepare for and litigate pre-trial motions, prepare and file additional pre-trial motions and/or motions in limine, further discuss any potential for resolution of the case short of trial, and prepare for trial. Given this, the parties believe that holding a trial within 70 days would deny counsel for Defendant and the attorneys for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

38.  As referenced above, on November 6, 2024, counsel for the Government sent counsel for Defendant an email regarding this motion. On November 8, 2024, counsel for

Defendant indicated via return email his consent to the Government's motion.

39.     Accordingly, the Government requests, and counsel for Defendant consents to, tolling the speedy trial clock, in the interests of justice, from between **February 24, 2025**, through and including **March 7, 2025**. Moreover, the Government submits that the Defendant will not be prejudiced by the grant of this motion. The ends of justice will be served by excluding this time period in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and Defendant in a speedy trial.

WHEREFORE, the parties respectfully request that the time **February 24, 2025**, through and including **March 7, 2025**, be excluded from Speedy Trial Act computations in this case. A proposed order is submitted herewith.

Respectfully submitted,

Philip A. Selden
Acting United States Attorney

By: _____/s/_____
Nicholas Potter
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, and thereby served counsel for the Defendant on the date of filing.

        Respectfully submitted,

        Erek L. Barron
        United States Attorney

By: _____/s/_____
        Nicholas Potter
        Assistant United States Attorney