**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| **v.** | * **Criminal Case No. PX24-41** |
| | * |
| **LESTER MASSEY** | * |
| | * |

**MOTION TO RENEW MOTION TO SUPPRESS SEARCH WARRANT**

Defendant Lester Massey ("Mr. Massey"), by and through his counsel, Marc G. Hall, respectfully moves pursuant to Federal Rule of Criminal Procedure 12(b)(3) to renew the previously filed Motion to Suppress. In support of this Motion, counsel states as follows:

1.    On February 8, 2024, the United States filed a one-count Indictment charging Mr. Massey with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). The case was scheduled for trial on February 24, 2025.

2.    As the Court may well remember, on February 25, 2025, the court granted a defense motion for a mistrial based upon the fact that the defendant was incorrectly charged in so far as his two prior convictions were misdemeanors.

3.    Thereafter the United States Attorney filed a superseding indictment charging the Defendant with Possession of Ammunition after having been

convicted of a misdemeanor that carries more than 2 years' incarceration.

4.      During the motions hearing and subsequent trial in February the Court

learned of the error in the government's original indictment. But this error had

also been part of the Affidavit in the original Warrant to search Mr. Massey's

house. Quoting from the search warrant affidavit:

> "I have learned through the course of my investigation into **MASSEY** that
> **MASSEY** is prohibited from possessing firearms due to the following
> convictions to which he was sentenced to a year or more in prison:
>
> 2008 – Possession with Intent to Distribute Controlled Dangerous Substance
> sentenced to 18 months' confinement (Maryland);
>
> 2012 – Possession of Controlled Dangerous Substances – sentenced to 48
> months' imprisonment, 36 suspended, and 36 months of supervised release
> (Maryland)."

4. Therefore. law enforcement obtained a search warrant for the premises

associated with Mr. Massey based on an affidavit that included materially false

information.

5. Pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), a defendant is

entitled to challenge the validity of a search warrant if they can show that false

statements were included in the supporting affidavit. The affidavit relied on

inaccurate information, which undermines the probable cause necessary for the

issuance of the search warrant, violating Mr. Massey's Fourth Amendment rights.

6. In *United States v. Leon,* 468 U.S. 897 (1984), the Court established a

"good faith" exception; however, this exception does not apply when law

enforcement officers should have recognized that the information was false. Given the substantial inaccuracies in the affidavit, the officers acted with negligence, negating any potential good faith defense.

7.  Additionally, in *United States v. McBroom*, 124 F.3d 536 (3d Cir. 1997), the court emphasized the necessity for affiants to provide truthful information in warrant applications. A warrant cannot stand if the affiant knowingly or recklessly includes false information that is material to the finding of probable cause.

8. The inaccuracies in the affidavit not only misled the court that issued the warrant, violating the duty of candor owed to the court. This undermines the integrity of the judicial process and raises significant concerns regarding the fairness of the proceedings against Mr. Massey.

9. Furthermore, the search conducted under the flawed warrant was excessively invasive, particularly given the reliance on false information regarding Mr. Massey's criminal history. The Fourth Amendment requires that searches be reasonable and proportional, which was not the case here.

10. Mr. Massey respectfully requests an evidentiary hearing on this Motion to fully address these issues and demonstrate the extent to which his constitutional rights have been violated.

Respectfully submitted,
Law Offices of Marc G. Hall, P.C.
_____ /s/ _____
Marc G. Hall    Fed Bar No. 01386

6411 Ivy Lane, Suite 304
Greenbelt, MD 20770
240 205-3041

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Document was electronically delivered, this 17th day of June 2025 to: The United States Attorney's Office, Greenbelt, MD 20770.


_____/s/_____
Marc G. Hall