IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                           )<br>)<br>LESTER MASSEY, JR.,               )<br>)<br>Defendant                          )<br>_____) | CRIMINAL NO. PX-24-041 |

### GOVERNMENT'S REPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO RENEW MOTION TO SUPPRESS SEARCH WARRANT

The United States of America, by and through undersigned counsel, respectfully submits the following response in opposition to Lester Massey, Jr.'s ("the Defendant's") Motion to Renew Motion to Suppress Search Warrant, ECF No. 138 ("Renewed Motion to Suppress"). The Defendant's Renewed Motion to Suppress moves to re-challenge the validity of the search warrant executed at the Defendant's residence ("the Residence") and requests a *Franks* hearing. *Id.* at 3. This Court denied the Defendant's earlier motion (ECF No. 16) reasoning that: (1) the warrant was supported by probable cause; (2) the errors in the warrant affidavit regarding the Defendant's criminal history were immaterial to finding probable cause and were not made knowingly or recklessly; and (3) even if the errors were material, the good-faith exception applies. Ex. 1 Mot. Hr'g Tr., 111-113. The Defendant's motion does not provide new evidence or support to call into question the Court's adjudication of his earlier motion (ECF No. 16). Accordingly, the Defendant's Renewed Motion to Suppress should be denied.

1

**BACKGROUND**

On June 3, 2023, the Defendant filed a Motion to Suppress the Fruits of Searches Conducted Pursuant to Warrants and a Request for a *Franks* Hearing ("Motion to Suppress"). ECF No. 16. The motion challenged each of the warrants associated with the Government's investigation into the Defendant. *Id.* at 20. In the motion, the Defendant argued the Court should suppress the fruits of the warrants, in part, because the warrant affidavits each contained "false statements and material omissions regarding [the Defendant's] criminal history." *Id.* at 18. Each warrant affidavit stated in relevant part:

> I have learned through the course of my investigation into **MASSEY** that **MASSEY** is prohibited from possessing firearms due to the following convictions to which he was sentenced to a year or more in prison:
>
> - 2008 – Possession with Intent to Distribute Controlled Dangerous Substance – sentenced to 18 months' confinement (Maryland);
> - 2012 – Possession of Controlled Dangerous Substances – sentenced to 48 months' imprisonment, 36 suspended, and 36 months of supervised release (Maryland).

Ex. 2 at 7.

According to the motion, the affidavits inaccurately described the Defendant's first conviction with regard to the date (occurring in 2009, not 2008), the nature of the conviction (conspiracy to distribute phencyclidine, not possession with the intent to distribute controlled dangerous substances), and the sentence imposed (three years, all suspended but one year, rather than 18 months' imprisonment in the first instance). *Id.* at 14. The motion further contended that the affidavits omitted that the Defendant's second conviction was a Maryland state misdemeanor. *Id.* at 16.

2

The Defendant also argued the warrants were overbroad because the warrants authorized law enforcement to seize an "endless list of records and items" without explanation "as to how evidence of alleged violations of § 922(g)(1) would be found" in the Residence. *Id.* at 19.

The Government opposed the Defendant's motion. ECF No. 33. In the response, the Government addressed the warrant affidavit's characterization of the Defendant's criminal history and noted that both offenses were in fact disqualifying, which remained and remains accurate. *Id.* at 14-19

## I. Pre-Trial Motions Hearing

On January 24, 2025, the Court held a hearing on the Defendant's pre-trial motions, including his Motion to Suppress (ECF No. 16). ECF No. 79. The Court denied the motion (ECF No. 80), ruling from the bench.

In the ruling, the Court found that whether the affidavit specified that at least one of the offenses underlying the Defendant's prior convictions was a Maryland misdemeanor was "not necessary for the finding of probable cause" because "[w]hat is necessary is that there was probable cause to believe that [the Defendant] had a prior conviction, no matter what Maryland calls it, that is punishable by a term exceeding one year" and "[t]hat was in the affidavit." Ex. 1, Mot. Hr'g Tr., 111, lines 17-24. For this reason, the Court concluded that "the error was simply not material to the magistrate judge's finding of probable cause." *Id.* at 111, line 25; 112, line 1. The Court also found that even if the error was material, there is "no evidence . . . that the statement was made knowingly or recklessly," considering that the affiant of the residential search warrant testified that she consulted the National Crime Information Center ("NCIC") to draft the warrant, and while NCIC is "not perfect," it is "sufficiently reliable." *Id.* at 112, lines 2-9. Based on those findings, the Court concluded there were not "any grounds" to "reopen the validity of the affidavit that

3

supports the search warrants" and denied the Defendant's request for a *Franks* hearing. *Id.* at lines 10-13. The Court added that the good-faith exception, citing *United States v. Leon*, 468 U.S. 897, 913 (1984), "would apply in all of these circumstances" and provided an "alternative ground" to deny the Defendant's motion. *Id.* at 113, lines 9-16.

## II.     Trial & Post-Trial Proceedings

The Defendant's trial began a month later, on February 24, 2025. ECF No. 98. At the start of the proceedings on the second day of trial, the Defendant moved for a mistrial. *See* Ex. 3, Trial Tr. vol. II, 21, line 25; 22, line 1. The Court granted the motion, and declared a mistrial because, "an element of the offense was misstated" during the Government's opening statement, and in turn, the "jury [was] . . . misdirected . . . as to what the element [was]." *Id.* at 27, lines 11-12; 28, lines 10-12. The Court explained that the Government told the jury during opening statement that the first element of the offense was that "prior to August 11, 2023, the defendant knew he had been convicted, in any court, of a crime punishable by imprisonment for a term exceeding *one* year," (ECF No. 91 at 22), however, because the Defendant's prior convictions are classified as state misdemeanors, the element of the offense should be stated as that the Defendant knew his prior state conviction was punishable by imprisonment for a term exceeding *two* years. *Id.* at 3, lines 3-16 (emphasis added).

On March 4, 2025, the Defendant moved to dismiss the Indictment, arguing that he was charged through an incorrectly worded Indictment, and that the Indictment as charged did not state a crime upon which the Defendant could be convicted. ECF No. 105. A status call was held on March 6, 2025, at which time the Court set an amended trial date of July 21, 2025, and a briefing schedule on the Defendant's motion to dismiss. ECF Nos. 106, 107. The Government filed its

4

opposition to the motion to dismiss on April 3, 2025. ECF No. 117. Counsel for the Defendant filed his reply on April 10, 2025. ECF No. 121.

On April 3, 2025, a grand jury sitting in the District of Maryland returned a superseding indictment against the Defendant charging him with one count of felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). ECF No. 114. The superseding indictment included updated wording to specify that the Defendant had been previously convicted of a crime punishable by a term of imprisonment of more than two years. *Id.*

On April 30, 2025, the Court held a hearing on the Defendant's motion to dismiss the Indictment and denied the motion, ruling from the bench. ECF No. 134, 135.

### III. The Defendant's Renewed Motion to Suppress

On June 17, 2025, the Defendant filed the instant motion to renew his Motion to Suppress (ECF No. 16). ECF No. 138. In the motion, the Defendant argues that he is entitled to an evidentiary hearing to re-challenge the validity of the residential search warrant, pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), because the warrant affidavit stated, in relevant part, before listing the Defendant's convictions, "I have learned through the course of my investigation into **MASSEY** that **MASSEY** is prohibited from possessing firearms due to the following convictions to which he was sentenced to a year or more in prison." *Id.* at 2. The Defendant asserts that because his prior convictions are state-classified misdemeanors, the magistrate judge that issued the warrant would have needed probable cause to believe that the Defendant had a prior conviction punishable by a term of imprisonment exceeding two years, not one year. *Id.* For this reason, the Defendant alleges that the affidavit included materially false information for which the good-faith exception does not apply. *Id.* at 2-3. The Defendant also reiterates his claim from the Motion to Suppress, ECF No. 16 at 19, that the warrant was "excessively invasive." *Id.* at 3.

5

**DISCUSSION**

As the Court previously ruled, the affiant's description of the Defendant's 2012 sentence, at the least, showed that this conviction, regardless of whether it was a state-law felony or misdemeanor, established that there was probable cause to believe the Defendant was prohibited from possessing firearms and ammunition under 18 U.S.C. §§ 922(g)(1) and 921(a)(20)(B). Because the affidavit included a summary of the Defendant's 2012 conviction showing that he was sentenced to 48 months' imprisonment, 36 suspended, and 36 months of supervised release, satisfying 18 U.S.C. § 922(g)(1)'s mandate that state-classified misdemeanors be punishable by over two years imprisonment pursuant to 18 U.S.C. § 921(a)(20)(B), a magistrate judge would have found probable cause to issue the warrant. For this reason, the Defendant is unable to show that the error was material to the magistrate judge's finding of probable cause to be entitled to a *Franks* hearing. Nor does the Defendant offer any evidence that the error was made knowingly or recklessly or for the purpose to mislead the magistrate judge, for the good-faith exception not to apply. The Defendant's Renewed Motion to Suppress (ECF No. 138) should be denied.

I. **The Warrant Remains Supported by Probable Cause as the Affidavit Included a 2012 Conviction for an Offense Plainly Punishable by More Than Two Years' Imprisonment that Disqualified the Defendant from Possessing Firearms and Ammunition.**

Whether probable cause for a search exists is a "practical, common-sense" question, asking whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Probable cause must be assessed based on the "totality of the circumstances;" it "is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Id*. at 232. A magistrate judge's decision to issue a search warrant is reviewed with "great deference," asking only "whether the judicial officer had a 'substantial basis' for finding

probable cause." *United States v. Jones*, 942 F.3d 634, 638 (4th Cir. 2019) (quoting *Gates*, 462 U.S. at 236-38).

As noted above, the Defendant contends that the language in the warrant affidavit that he "is prohibited from possessing firearms due to the following convictions to which he was sentenced to a year or more in prison," misstated the threshold for finding probable cause that he is prohibited from possessing firearms and ammunition under 18 U.S.C. § 922(g)(1). ECF No. 138 at 2. Because the Defendant's prior convictions are state-classified misdemeanors, the Defendant argues, to find probable cause that he is prohibited, a magistrate judge must find he had a prior conviction punishable by more than two years imprisonment. *Id.*

The Defendant is correct that the Government must prove at trial in this case that he knew his prior conviction for a state-classified misdemeanor was punishable by over two years imprisonment and that the affidavit implied that the Government must prove that his prior convictions were punishable by over one year imprisonment. Notwithstanding this mismatch, the affidavit included the following summary of the Defendant's 2012 conviction that clearly establishes that he is prohibited from possessing firearms and ammunition as he had been convicted of an offense punishable by over two years imprisonment:

- 2012 – Possession of Controlled Dangerous Substances – sentenced to 48 months' imprisonment, 36 suspended, and 36 months of supervised release (Maryland).

Ex. 2 at 7.

In sum, the affidavit set out that the Defendant was prohibited from possessing firearms or ammunition based on at least one past conviction. For this reason, the error was not material to the magistrate judge's determination of probable cause and does not provide a basis to upend this Court's previous ruling denying the Defendant's motion to suppress. As this Court previously

found, the warrant affidavit provided an adequate basis for the magistrate judge's finding of probable cause, and suppression is not warranted. *See* Ex. 2, Mot. Hr'g Tr., 111, lines 19-24.

## II. The Court Properly Denied the Defendant's Motion for a *Franks* Hearing.

The Supreme Court in *Franks v. Delaware* held that a defendant is entitled to an evidentiary hearing if he can make a "substantial preliminary showing" that (1) the warrant affidavit contained a false statement, (2) the false statement was included knowingly and intentionally, or recklessly, and (3) the false statement was "necessary to the finding of probable cause." 438 U.S. 154, 155-156 (1978). If a defendant fails to make a substantial preliminary showing that an affidavit either deliberately or recklessly contained a false statement and the allegedly false statement is necessary to the finding of probable cause, a *Franks* hearing will be denied. *See United States v. Chandia*, 514 F.3d 365, 373-74 (4th Cir. 2008) (*Franks* hearing not required where motion to suppress made only "bare allegations," failing to make a "substantial preliminary showing" by presenting "offer of proof" either in the form of "affidavits or sworn or otherwise reliable statements of witnesses" or by "satisfactorily explain[ing]" their absence).

This Court should again deny the Defendant's request for a *Franks* hearing. First, the Defendant fails to make a substantial preliminary showing that the warrant affidavit suffered from knowingly or recklessly made material omissions or false statements. Second, and as explained above, even if the Defendant could meet this preliminary showing, he has failed to show that absent the false information, or including the omitted information, the affidavit contained insufficient evidence to support a finding of probable cause.

### a. There is No Evidence that the Affiant Knowingly or Recklessly Made Material Omissions or False Statements in the Warrant Affidavit.

At the outset, the warrant affidavit indicated that the Defendant was prohibited from possessing firearms and ammunition because of prior convictions punishable by a term of

imprisonment exceeding one year, when the Government is required to prove at trial in this case that the Defendant is prohibited because of a prior conviction punishable by a term of imprisonment exceeding two years. However, the Defendant offers no evidence that this statement or alleged omission was made intentionally or with reckless disregard for the truth—nor could he.

In drafting the affidavit, the affiant relied on the NCIC Report, which was silent on whether the Defendant's prior convictions were misdemeanors under state law. As this Court previously found, NCIC is "not perfect," but is "sufficiently reliable." *See* Ex. 2, Mot. Hr'g Tr, 112, lines 4-7. *See also United States v. McDowell*, 745 F.3d 115, 121 (4th Cir. 2014) ("[T]he limited available evidence suggests that the NCIC database is generally (albeit not always) accurate."). The Fourth Circuit in *McDowell* also found that:

> The pervasive use of NCIC reports throughout the criminal justice system further indicates that such reports may be trusted. Courts use NCIC reports to make bail and pretrial release decisions; prosecutors rely on NCIC reports at trial to prove that witnesses committed a relevant prior crime; and probation officers use NCIC reports to establish criminal histories at sentencing.

*Id.* at 121-22.

Moreover, the affiant cited the language of the relevant statute, 18 U.S.C. § 922(g)(1), which reads: "It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition . . . ." Based on the applicable definitions, the Defendant's prior convictions in fact qualified to prohibit his possession of firearms and ammunition under the law. *See* 18 U.S.C. § 921(a)(20)(B).

The Defendant fails to provide proof of the affiant's "intent to mislead, or . . . reckless disregard for whether the statements would mislead, the magistrate." *United States v. Moody*, 931 F.3d 366, 371 (4th Cir. 2019) (internal citations omitted). While the Defendant argues that "[g]iven

9

the substantial inaccuracies in the affidavit, the officers acted with negligence," ECF No. 138 at 3, "an innocent or even negligent mistake by [an] officer will not suffice" to establish that a statement was made knowingly or recklessly. *Moody*, 931 F.3d at 371 (citing *Franks*, 438 U.S. at 170). *See also United States v. Pulley*, 987 F.3d 370, 377 (4th Cir. 2021) (internal citations omitted) ("Reckless disregard is a subjective inquiry; it is not negligence nor even gross negligence;" instead, the affiant "must have been subjectively aware that the false statement or omission would create a risk of misleading the reviewing judge.").

Thus, there is no basis to conclude that the affiant's conduct in making this statement related to the Defendant's prohibited status was intentionally dishonest or reckless, and the Defendant has not made a preliminary showing of this.

### b. Any Error in the Affidavit as to the Defendant's Criminal History was Not Material to the Magistrate Judge's Finding of Probable Cause.

Even assuming, only for the sake of argument, that the affiant was reckless in stating that the Defendant was prohibited from possessing firearms and ammunition because of prior convictions to which he was sentenced to a year in prison, the Defendant's request for a *Franks* hearing fails because there is still sufficient probable cause for the warrant based on inclusion of the Defendant's 2012 conviction—so any omission was immaterial and *Franks* cannot be satisfied. Specifically, the affidavit detailed that the Defendant had been convicted of an offense which carried a sentence of 48 months' imprisonment, 36 months suspended, and 36 months of supervised release, which indisputably in fact disqualified him from possessing firearms and ammunition under 18 U.S.C. § 922(g)(1). Ex. 1 at 7.

The preliminary showing for a *Franks* hearing requires that the three above elements be established. *Chandia*, 514 F.3d at 373-74. The Defendant has established none, and this Court should again deny his request for a *Franks* hearing.

### III. The Good-Faith Exception Continues to Apply to the Warrant and Provides an Alternative Basis to Deny the Defendant's Motion.

As this Court previously found, even if the warrant had an "error of constitutional magnitude," the good-faith exception to the warrant requirement, announced in *Leon*, 468 U.S. 897, would prevent application of the exclusionary rule and provide additional grounds to deny the Defendant's motion. *See* Ex. 2, Mot. Hr'g Tr., at 112, at lines 16-25; 113, lines 1-16.

"Generally, evidence seized in violation of the Fourth Amendment is subject to suppression under the exclusionary rule . . . to deter future unlawful police conduct." *United States v. Andrews*, 577 F.3d 231, 235 (4th Cir. 2009) (internal citations and quotation marks omitted). Because the deterrent purpose is not served in all circumstances, an exception exists where "evidence [is] obtained pursuant to a search warrant issued by a neutral magistrate . . . if the officer's reliance on the warrant was 'objectively reasonable.'" *United States v. Perez*, 393 F.3d 457, 461 (4th Cir. 2004) (quoting *Leon*, 468 U.S. at 922). "[A] warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *Leon*, 468 U.S. at 922 (internal citation and quotation marks omitted). Thus, "the fruits of a search conducted under the authority of a warrant, even a 'subsequently invalidated' warrant" are subject to suppression only where "'a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.'" *Perez*, 393 F.3d at 460-61 (quoting *United States v. Bynum*, 293 F.3d 192, 195 (4th Cir. 2002)).

*Leon* identified four circumstances when the good-faith exception does not apply, which include: (1) when the issuing judge "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; (2) when "the issuing magistrate wholly abandoned his judicial role"; (3) when "an affidavit [is] so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or

(4) when "a warrant [is] so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." 468 U.S. at 923 (internal citations and quotation marks omitted). As this Court noted, proving that the good-faith exception does not apply is a "very high burden to meet." *See* Ex. 2, Mot. Hr'g Tr., at 112, lines 24-25.

No such circumstances are present here. First, there is no reason to believe that the affiant misled the issuing magistrate judge as to the warrant. Second, the supporting affidavit set forth ample basis for the probable cause findings. Third, the places to be searched and items to be seized were limited to those places and things reasonably connected to the Defendant's suspected federal firearm offenses, including not only the violation of 18 U.S.C. § 922(g)(1) but also engaging in the firearms business without a license, in violation of 18 U.S.C. § 922(a)(1), selling or transferring firearms or ammunition to a prohibited person, in violation of 18 U.S.C. § 922(d), and firearms trafficking, in violation of 18 U.S.C. § 933. Finally, there is no evidence that the issuing magistrate judge wholly abandoned his role as a neutral and detached magistrate. Accordingly, as this Court previously found, *Leon* would apply even if the warrant at issue was not valid.

## IV. The Warrant Was Reasonable in Scope.

Finally, the Defendant objects to the residential search warrant as "excessively invasive." ECF No. 138 at 3. This Court, in adjudicating the Defendant's prior motion (ECF No. 16), rejected this argument, finding:

> If you stack up each of the affidavits leading up to the residential search, and most particularly what was in the affidavit supporting the search of the residence, it is amply supported that there's a nexus between the evidence to be obtained, the evidence that the agents reasonably believed would be there and the home itself.

*See* Ex. 2, Mot. Hr'g Tr., at 115, lines 19-25.

The Defendant raises no additional arguments nor proffers any new evidence to warrant reconsideration of this Court's conclusion that the residential search warrant had a reasonable scope. The Defendant's motion should also be denied on this ground.

## **CONCLUSION**

For the reasons set forth above, the Defendant has failed to make a substantial showing to warrant an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and his Renewed Motion to Suppress, ECF No. 138, should be denied without a hearing.

    Respectfully submitted,

    Kelly O. Hayes
    United States Attorney

By: _____/s/_____
    Brittany Appleby-Rumon
    Special Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system on July 1, 2025, and thereby served counsel for the Defendant on the date of filing.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _____/s/_____
Brittany Appleby-Rumon
Special Assistant United States Attorney